Juan Jose GARCIA GARCIA and Luz Irene Romero, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–70222.
Agency Nos. A75–678–010, A75–678–011.

United States Court of Appeals, Ninth Circuit.

Submitted April 6, 2006.*

Decided April 12, 2006.

Michael J. Selph, Berke Law Offices, Los Angeles, CA, Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, for Petitioners.

Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before D.W. NELSON and O'SCANNLAIN, Circuit Judges, and JONES, District Judge.**

## MEMORANDUM***

** The Honorable Robert Clive Jones, United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Juan Jose Garcia Garcia and his wife Luz Irene Romero, natives and citizens of Mexico, petition for review from the Board of Immigration Appeals' ("BIA") summary affirmance without opinion of an immigration judge's ("IJ") denial of cancellation of removal. We dismiss the petition for review for lack of jurisdiction.

Garcia and Romero claim that they were denied a full and fair hearing because the IJ failed (i) adequately to explain what petitioners must prove to qualify for cancellation of removal and (ii) fully to develop the record. Because petitioners failed to raise these issues before the BIA, we lack jurisdiction to consider them on appeal. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004) (noting that the exhaustion requirement applies to claim that alien was denied a full and fair hearing); *see also Zara v. Ashcroft,* 383 F.3d 927, 931 (9th Cir.2004) (recognizing that the exhaustion requirement applies to streamlined decisions).

The voluntary departure period having been stayed, that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741, 750 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED.**